Filed 10/28/14  Velyvis v. MacConaghy CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| JOHN VELYVIS,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>JOHN H. MacCONAGHY et al.,<br><br>    Defendants and Respondents. | A141332<br><br>(Napa County<br>Super. Ct. No. 26-62045) |

## BACKGROUND

On July 17, 2013, Dr. John Velyvis filed a complaint for damages against his former employer, Adventist Health California Medical Group, Inc.  The complaint also named as defendants attorney John H. MacConaghy, and his firm, MacConaghy & Barnier, LLP (hereafter collectively, defendants), who had been counsel for the trustee in Dr. Velyvis's bankruptcy.

On August 27, defendants filed a motion to strike the complaint—commonly known as a SLAPP or anti-SLAPP motion—as authorized by Code of Civil Procedure section 425.16 (section 425.16).[1]  The motion was heard by the Honorable Elia Ortiz on September 26, 2013, who four days later filed an order granting the motion and dismissing the complaint.  The six-page order prepared by Judge Ortiz has an exhaustive explanation for granting the motion to strike, and includes this:  "Defendants may bring a motion for attorney's fees pursuant to . . . section 425.16, subdivision (c)."

---

[1] The motion itself is not in the record on appeal

1

On November 5, 2013, defendants moved for an award of $19,417.20 in costs and attorney fees as authorized by subdivision (c) of section 425.16. The motion was supported with a declaration of defendants' attorney, John P. Girarde, who detailed the 41.6 hours he devoted to preparation of the motion to strike, and the 5.1 hours spent in preparing the motion for costs and attorney fees. Girarde's hourly billing rate was $395, so the attorney fees sought were $18,446.50. The costs sought by defendants amounted to $970.70, for the total of $19,417.20. Defendants' motion was set for December 11, 2013.

On November 27, 2013, Dr. Velyvis filed opposition to the motion, arguing that the requested fees should be denied because: (1) Girarde "has not documented his billings or hourly rate of compensation in accordance with the case law regarding recovery of attorneys' fees in anti-SLAPP motions," which requires production of his actual billing records; (2) Girarde "has not established the reasonableness of his attorneys' rates"; and (3) in light of this inadequate documentation, defendants have "not established entitlement to the requested attorneys' fees." Dr. Velyvis's opposition was signed by attorney Gordon Fine.

Also, it appears that on December 6, 2013, Dr. Velyvis filed a Code of Civil Procedure section 170.6 challenge against Judge Ortiz.

Defendants filed a reply to Dr. Velyvis's opposition, and their motion for attorney fees came on as scheduled, on December 11. The first thing noted in the minutes for that day was that Dr. Velyvis's peremptory challenge to Judge Ortiz had been denied as untimely by Judge Rodney Stone. The minutes then narrate what happened next: "Plaintiff's opposition is stricken because it was signed and filed by an attorney that is not an active member of the State Bar. The court will allow an opportunity for Plaintiff to properly re-file and serve his opposition on or before Friday, December 20, 2013. . . . [¶] The Court further notes Mr. Fine shall re-file the identical opposition he previously filed with no changes. Mr. Girarde is not required to re-file."

Counsel for Dr. Velyvis apparently did re-file the opposition, and the motion was argued before Judge Ortiz on January 16, 2014, following which defendants' motion was

2

granted in the amount requested—$19,417.20. The written order was filed on January 16, 2014, and notice of entry was provided six days later.

On March 10, 2014, Dr. Velyvis filed a notice of appeal that reads: "Plaintiff Dr. Velyvis appeals to the First District Court of Appeal from the final judgment in this matter and all orders that are separately appealable, including but not limited to the judgment entered on November 2, 2014 [*sic*] by which the trial court granted the motion by Defendants John H. MacConaghy and MacConaghy & Bernier for attorneys' fees and costs pursuant to . . .section 425.16, specifically:

"(1) The court order imposing attorneys' fees and costs on Dr. Velyvis does not recite in detail the conduct or circumstances justifying the order;

"(2) The request for attorneys' fees and costs by Defendants MacConaghy and MacConaghy & Bernier was not supported by the requisite evidence necessary for the court to exercise its reasonable discretion;

"(3) Defendants MacConaghy and MacConaghy & Bernier did not bear their burden of establishing entitlement to the requested award and documenting the appropriate hours expended and the hourly rates; and

"(4) The trial court exceeded the bounds of reason and deference which is ordinarily given to the decisions of an experienced trial judge."

Thereafter, a question arose as to whether Dr. Velyvis was attempting to appeal from the September 30, 2013 order granting defendants' motion to strike. Defendants moved to dismiss such a purported appeal as untimely. We denied the motion and stated: "[Defendants'] contention that appellant is also attempting to appeal from [the] . . . order granting a special motion to strike is not supported by language in the Notice of Appeal and *is expressly denied by Appellant* in his opposition to this motion." (Italics added.)

Thus, the only issue before us is Dr. Velyvis's contention that the attorney fees awarded defendants are not supported—a contention, we conclude, that has no merit.

## DISCUSSION

We begin by observing Dr. Velyvis's opening brief is permeated with an astonishingly intemperate attack on Judge Ortiz. The two captions in his brief read as follows:

"I. BACKGROUND: NAPA COUNTY'S BRAND-NEW JUDGE AWARDED ATTORNEYS' FEES IN AN ANTI-SLAPP CASE DESPITE THE ABSENCE OF INFORMATION SHE NEEDED TO CONSIDER OR EXPERIENCE AS A CIVIL TRIAL JUDGE SO THAT SHE COULD MAKE HER OWN ASSESSMENTS."

"II. LEGAL ARGUMENT: THE NEW JUDGE COMING FROM A CRIMINAL LAW BACKGROUND, WAS NOT AN 'EXPERIENCED TRIAL JUDGE' WHO COULD FILL IN THE MANY GAPS LEFT BY MacCONAGHY'S REQUEST FOR ATTORNEYS' FEES."

Such conduct is not to be condoned. (See *Fink v. Shemtov* (2010) 180 Cal.App.4th 1160, 1176.)

It is unclear whether Dr. Velyvis's attack is aiming at what he claims is Judge Ortiz's inexperience, or incompetence, or bias, but it does not matter. To begin with, Dr. Velyvis's attempt to disqualify judge Ortiz could be reviewed only by petition for a writ of mandate filed within 10 days of Judge Stone's decision on December 11, 2013. (Code, Civ. Proc., § 170.3, subd. (d).) No such petition was filed, and the issue of Judge Ortiz's perceived lack of qualifications cannot be raised on this appeal. (*PBA, LLC v. KPOD, Inc*. (2003) 112 Cal.App.4th 965, 970-971.) Moreover, insofar as Dr. Velyvis means to inject Judge Ortiz's qualifications into her decision to grant defendants' motion to strike, that effort is doomed by reason of his statement that he is not attempting to challenge that ruling—not to mention the additional reason that such order was appealable (Code Civ. Proc., § 904.1, subd. (a)(13)), and Dr. Velyvis failed to perfect a timely appeal from it. (*Russell v. Foglio* (2008) 160 Cal.App.4th 653, 659-661; *Maughan v. Google, Inc*. (2006) 143 Cal.App.4th 1242. 1247.) Likewise, Dr. Velyvis's argument that Judge Ortiz simply "rubberstamped" defendants' motion for fees and costs out of inexperience must be summarily rejected.

4

Dr. Velyvis cannot secure reversal by faulting the form of Judge Ortiz's order. The order addressed a motion for attorney fees, which does not require judicial explanation or a statement of decision. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1294; *Gorman v. Tassajara Development Corp*. (2009) 178 Cal.App.4th 44, 67.)  Dr. Velyvis's arguments that defendants have "not established entitlement to the requested attorneys' fees," and that "an award of attorneys' fees and costs requires a judicial finding" of entitlement  misperceives the nature of section 425.16.  Under subdivision (c) of that statute, as construed by our Supreme Court, "*any* . . . defendant who brings a successful motion to strike *is entitled to mandatory* attorney fees."  (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1131, italics added.)  The judicial finding of entitlement was implicitly made by Judge Ortiz when she granted defendants' motion to strike.

Insofar as Dr. Velyvis aims to overturn Jude Ortiz's fee decision on its merits, he faces daunting odds.  No enhancement or multiplier was either sought or granted.  No issue of law demands resolution.  Dr. Velyvis is left with challenging only Judge Ortiz's decisions to accept Mr. Girarde's hourly billing rate of $495, and the number of hours claimed as reasonable.  Both of these issues were committed to Judge Ortiz's discretion. (*PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1096 [hourly rate]; *Syers Properties III, Inc. v. Rankin* (2014) 226 Cal.App.4th 691, 698 [number of hours].)  We can reverse only if as Dr. Velyvis establishes an abuse of that discretion.  (*Chacon v. Litke* (2010) 181 Cal.App.4th 1234, 1258.)  This, he has not done.

It is enough to note that it appears the motion for attorney fees was not reported or, if it was, there is no reporter's transcript in the record.  So, we do not know what was said at the argument or the actual basis of any ruling by Judge Ortiz.  This is most unhelpful to Dr. Velyvis.  As the leading practice treatise puts it, "**Transcript may be essential for appellate review:** Unless a court reporter is present, the losing party may have no effective way of challenging the court's ruling by writ or appeal;  'In the absence of a transcript, the reviewing court will have no way of knowing . . . what grounds were advanced, what arguments were made, and what facts may have been admitted, mutually assumed or judicially noticed at the hearing.  *In such a case, no abuse of discretion can*

5

*be found except on the basis of speculation.'* [*Snell v. Sup.Ct. (Marshall Hosp.)* (1984) 158 CA3d 44, 49 (emphasis added); see also *GT, Inc. v. Sup.Ct. (Santa Cruz Sentinel Publishers, Inc.)* (1984) 151 CA3d 748, 756] [¶] [9:173] ***PRACTICE POINTERS***:  If you are appearing in a court in which law and motion hearings are not regularly recorded, and there is the slightest chance you would seek appellate review if the judge rules against you, be sure to have a court reporter present!"  (Weil & Brown, Cal. Practice Guide:  Civil Procedure Before Trial (The Rutter Group 2014) ¶¶ 9.172–9.173, pp. 9(l)-132.)

As noted, Judge Ortiz's ruling on the attorney fees is reviewed for an abuse of discretion, review precluded by the absence of a transcript.  (See generally *Aguilar v. Avis Rent A Car System, Inc.* (1999) 21 Cal.4th 121, 132; *Parker v. Harbert* (2012) 212 Cal.App.4th 1172, 1178; *Nielsen v. Gibson* (2009) 178 Cal.App.4th 318, 324.)  In any event, the attorney fees awarded are supported.

We recently stated:  " It is well established that 'California courts do not require detailed time records and trial courts have discretion to award fees based on declarations of counsel describing the work they have done and the court's own view of the number of hours reasonably spent.  [Citations.] "  (*Syers Properties III, Inc. v. Rankin*, *supra*, 226 Cal.App.4th 691, 698.)  In other words, billing statements are not required.  (*Id*. at pp. 698-699, fns. 3 & 4.)  We also stated:  " '[t]he " 'experienced trial judge is the best judge of the value of professional services rendered in his court . . . .' " ' "  (*Id*. at p. 698, quoting *Ketchum v. Moses*, *supra*, 24 Cal.4th 1122, 1132.)

Dr. Velyvis objects to the idea of Judge Ortiz meriting any deference due to being insufficiently "experienced" in civil matters, but that objection has already been rejected.  Moreover, Judge Ortiz did have the experience of observing Mr. Girarde's labors in prevailing on defendants' motion to strike.  In his declaration, Girarde stated he has been a member of the State Bar since 1997, and, at present, "My practice emphasizes attorney professional liability defense and I specialize in anti-SLAPP law and motion practice."  He documented his previous five years' history in developing that specialty.  Dr. Velyvis apparently argues that Girarde's declaration was, by itself, inadequate to establish the

reasonableness of his claimed hourly rate. The leading attorney fee treatise says otherwise: "Counsel's own billing rate" carries "a presumption of reasonableness." (2 Pearl, Cal. Attorney Fee Awards (3d ed. 2014) § 9.121, p. 9-106.) That, together with Judge Ortiz's own "observations concerning the quality of [Girarde's] performance," constitute a sufficient basis for fixing the hourly rate. (See *Russell v. Foglio*, *supra*, 160 Cal.App.4th 653, 661-662.)

Neither Girarde's claimed hourly rate nor the number of hours expended seem excessive on their face. The same is true for the manner in which Girarde filled those hours.[2] We conclude that Dr. Velyvis has failed to establish anything like an abuse of the

---

[2] "**Category One: Fees Related to the Anti-SLAPP Motion:**

| "**Hours**: | **Description of Task**: |
|---|---|
| "1.7 | Multiple phone conversations and e-mail correspondence with client John MacConaghy re: facts of underlying case; legal analysis and strategy for preparation of Anti-SLAPP Motion; preparation of Declaration in support of Anti-SLAPP Motion; analysis of Plaintiff's Opposition to Anti-SLAPP Motion; and strategy for Reply Brief and oral argument. |
| "1.5 | Legal analysis of pleadings, evidence and file materials in the underlying action re: factual basis for Anti-SLAPP Motion. |
| "1.2 | Legal research of defenses for Anti-SLAPP Motion. |
| "16.4 | Legal research for and preparation of the Memorandum of Points and Authorities in support of Anti-SLAPP Motion. |
| "2.8 | Preparation of John MacConaghy's Declaration in support of Anti-SLAPP Motion. |
| "2.2 | Preparation of Request for Judicial Notice, John Girarde's Declaration, and evidence in support of Anti-SLAPP Motion. |
| "0.4 | Preparation of Notice of Anti-SLAPP Motion. |
| "0.2 | Review and analyze defendants Douglas J. Milton and Long & Levit, LLP's Anti-SLAPP Motion. |
| "1.2 | Review and analyze Plaintiff's Memorandum of Points and Authorities and Request for Judicial Notice in Opposition to Anti-SLAPP Motion. |

discretion Judge Ortiz was empowered to exercise.  (*Ketchum v. Moses*, *supra*, 24 Cal.4th 1122, 1132; *PLCM Group, Inc. v. Drexler*, *supra*, 22 Cal.4th 1084, 1096; *Syers Properties III, Inc. v. Rankin*, *supra*, 226 Cal.App.4th 691, 698; *Chacon v. Litke*, *supra*, 181 Cal.App.4th 1234, 1258.)

Defendants correctly note that, as the prevailing parties on this appeal, they are entitled to a further award of attorney fees and costs on this appeal, in an amount to be fixed by the trial court.  (*Trapp v. Naiman* (2013) 218 Cal.App.4th 113, 122-123; *Dowling v. Zimmerman* (2001) 85 Cal.App.4th 1400, 1434.)

The order is affirmed.

---

| | |
|---|---|
| "7.5 | Legal research for and preparation of Reply in Support of Anti-SLAPP Motion. |
| "1.3 | Review tentative ruling and preparation for oral argument of Anti-SLAPP Motion. |
| "5.2 | Attendance at oral argument of Anti-SLAPP Motion, including travel to and from San Francisco to Napa. |
| "**41.6** | **TOTAL** |

"**Category Two:  Fees Related to the Motion for Attorney's Fees and Costs:**

| | |
|---|---|
| "2.8 | Review of billing records and preparation of John Girarde Declaration in Support of Motion for Attorney's Fees and Costs. |
| "2.3 | Preparation of the Memorandum of Points and Authorities in Support of Motion for Attorney's Fees and Costs. |
| "**5.1** | **TOTAL**" |

8

_____
Richman, J.

We concur:

_____
Kline, P.J.

_____
Stewart, J.