NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHAHID BUTTAR FOR CONGRESS COMMITTEE; SHAHID BUTTAR, Plaintiffs-Appellants, v. HEARST COMMUNICATIONS, INC., Defendant-Appellee. | No. 23-15421 D.C. No. 3:21-cv-05566-EMC MEMORANDUM* |
| SHAHID BUTTAR FOR CONGRESS COMMITTEE; SHAHID BUTTAR, Plaintiffs-Appellees, v. HEARST COMMUNICATIONS INC, Defendant-Appellant. | No. 23-15809 D.C. No. 3:21-cv-05566-EMC |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Submitted June 5, 2024**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

San Francisco, California

Before: S.R. THOMAS and BUMATAY, Circuit Judges, and BENNETT,[***] District Judge.

Shahid Buttar and his campaign, Shahid Buttar Congress Committee, (collectively "Buttar") appeal the district court's dismissal of their complaint and first amended complaint ("FAC") under California's anti-SLAPP statute. *See* Cal. Civ. Code § 425.16. Buttar alleges he was defamed by two July 2020 articles published by Hearst Communications, Inc. in the *San Francisco Chronicle* ("First Article" and "Follow-Up Article"). These articles covered sexual harassment allegations made by Elizabeth Croydon earlier that month. Hearst also appeals the district court's lowering of attorneys' fees after it considered Buttar's and his campaign's financial circumstances. We have jurisdiction under 28 U.S.C. § 1291.

A motion to dismiss under California's anti-SLAPP statute is reviewed de novo. *Herring Networks, Inc. v. Maddow*, 8 F.4th 1148, 1154–55 (9th Cir. 2021). We review for abuse of discretion a district court's dismissal with prejudice and denial of leave to amend. *Id.* at 1155. We apply California law to an attorneys' fee award stemming from an anti-SLAPP motion. *United States ex rel. Newsham v.*

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

*Lockheed Missiles & Space Co.*, 190 F.3d 963, 971–73 (9th Cir. 1999). The district court's determination of the fee award is reviewed for abuse of discretion. *Graham-Sult v. Clainos*, 756 F.3d 724, 751 (9th Cir. 2014). We affirm.

1. The district court did not err in granting Hearst's anti-SLAPP motion and motion to dismiss. We "engage in a two-part inquiry" when "considering a motion to strike under the anti-SLAPP statute." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1110 (9th Cir. 2003). First, a defendant must "make an initial prima facie showing that the plaintiff's suit arises from an act in furtherance of the defendant's rights of petition or free speech." *Id.* (citation omitted). This is easily shown, and conceded by Buttar and his campaign. Second, the plaintiff must "demonstrate a probability of prevailing." *Id.* To succeed on their defamation claim, Buttar and his campaign must have shown material falsity, *Vogel v. Felice*, 127 Cal. App. 4th 1006, 1021–23 (2005), and "actual malice" in Hearst's articles, *New York Times Co. v. Sullivan*, 376 U.S. 254, 280–81 (1964) (requiring actual malice for public figures).

Buttar failed to adequately plead falsity. Generalized allegations are not enough. Specific false statements must be identified. *See Flowers v. Carville*, 310 F.3d 1118, 1130–31 (9th Cir. 2002). Buttar had two opportunities to identify a specific false statement in Hearst's publications. And twice, plaintiffs did not do this. But even if specific false statements were identified, material falsity would need to be proven in reference to "the publication as a whole." *Issa v. Applegate*, 31

3

Cal. App. 5th 689, 713 (2019). While Buttar offers alternative sources that could have been included to balance coverage of Croydon's allegations in the First Article, they fail to show how adding those sources "would have a different effect on the mind of the reader from that which the pleaded truth would have produced." *See Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 517 (1991) (citation omitted). And as for the Follow-up Article, just because the campaign did not get the article they wanted, which would have included language describing Croydon as unreliable, that doesn't mean falsity has been proven. After all, a publisher's "treatment of public issues and public officials—whether fair or unfair—constitute the exercise of editorial control and judgment." *Miami Herald Publ'g Co. v. Tornillo*, 418 U.S. 241, 258 (1974).

Buttar also has not shown actual malice. Actual malice requires producing "clear and convincing evidence showing that the [allegedly defamatory] statements were made with actual malice." *Young v. CBS Broad., Inc.*, 212 Cal. App. 4th 551, 563 (2012). Hearst sought Buttar's response to the allegations, which it published in its article. And there also is no showing that Hearst somehow knew Buttar's statements were true and Croydon's false. It is not sufficient that plaintiffs allege that some individuals—names that the campaign passed over to the *Chronicle* for investigation—subjectively believed Croydon was not credible. Failing to

4

investigate, alone, is not enough to support a finding of actual malice. *See St. Amant v. Thompson*, 390 U.S. 727, 733 (1968).

And to the extent that California law might require Hearst to correct its articles, plaintiffs also failed to plead the necessary elements. California Civil Code § 48a(b) requires a libel plaintiff to serve written notice to the publisher of alleged libel, specifying the allegedly libelous statements and demanding. Failing to do so requires the claims to be stricken under the anti-SLAPP statute. *Anschutz Ent. Grp. v. Snepp*, 171 Cal. App. 4th 598, 643 (2009). The campaign did not give notice to Hearst, only to the *Chronicle* reporter. The campaign did not point to any specific false statements. And plaintiffs failed to plead any damages sufficient to satisfy the requirements of pleading special damages. *See* Cal. Civ. Code § 48a(d)(2) (defining special damages). The injury allegations relate to Buttar's professional credibility and fitness for office. But this is not enough. *Pridonoff v. Balokovich*, 36 Cal. 2d 788, 792 (1951) ("A general allegation of the loss of a prospective employment, sale, or profit will not suffice."). Furthermore, even if it were sufficient, Buttar has not shown that any injury resulted from Hearst's article and not from some other publication that also published Croydon's allegations.

2.    The district court did not abuse its discretion in dismissing Buttar's and his campaign's claims for the First Article with prejudice and without leave to amend. Under Federal Rule of Procedure 15(a), leave to amend should be "freely

5

given" unless the complaint cannot be saved by amendment. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). While we have recognized some tension between Rule 15(a) and California's anti-SLAPP statute, *see Verizon Delaware, Inc. v. Covad Commc'n. Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004), we have also clarified that dismissal with prejudice is permissible under California's anti-SLAPP statute when the district court reasonably concludes that amendment would be futile, *Herring*, 8 F.4th at 1160. Here, the district court's decision was based on futility. On appeal, Buttar argues that under Rule 15(a), he should have been given leave to amend his complaint in its entirety. He does not, however, make any argument to refute the district court's futility analysis with respect to the First Article or provide any details as to how he might amend the complaint if given the opportunity. In light of these omissions, we cannot conclude that the district court's futility conclusion was an abuse of discretion.

3.      The district court did not abuse its discretion in considering Buttar's and his campaign's financial circumstances when awarding attorneys' fees. While "[a]ttorney fees are mandatory to the prevailing defendant," California courts have also noted "the amount awarded to a defendant on a successful anti-SLAPP motion is within the discretion of the trial court." *Trapp v. Naiman*, 218 Cal. App. 4th 113, 122 (2013) (citation omitted). The trial court may consider "[t]he reasonableness of attorney fees." *Russell v. Foglio*, 160 Cal. App. 4th 653, 661 (2008). It is not

6

without precedent for California courts to consider financial circumstances when determining whether attorneys' fees should be adjusted to prevent "financial ruin" for the losing party. *Garcia v. Santana*, 174 Cal. App. 4th 464, 475 (2009); *see also Rosenman v. Christensen*, 91 Cal. App. 4th 859, 865, 868 n.42 (2001). So while a drastic reduction, we cannot say that the district court abused its discretion in considering Buttar's financial circumstances.

**AFFIRMED.**[1]

---

[1] The motion for leave to file a brief as amicus curiae by Reporters Committee for Freedom of the Press (Dkt. 15, No. 23-15809) is granted. The motion to accept a late filed amicus brief by the same group (Dkt. 17, No. 23-15809) is granted. Plaintiffs-appellees' motion to take judicial notice of the opening brief provided in the merits appeal in the attorneys' fee appeal (Dkt. 27, No. 23-15809) is granted.