Filed 2/29/24  Zand v. Sukumar CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| AFSHIN ZAND,<br><br>    Cross-complainant and Appellant,<br><br>         v.<br><br>PONANI SUKUMAR,<br><br>    Cross-defendant and Respondent. | A163376<br><br>(Alameda County Super. Ct. No. RG20064932) |

In this action arising from a contract dispute, Afshin Zand, proceeding in propria persona, appeals after the trial court (Hon. Dennis Hayashi) struck his cross-complaint against Ponani Sukumar under the anti-SLAPP (strategic lawsuit against public participation) statute (Code Civ. Proc.,[1] § 425.16).  Zand contends in part that reversal is warranted because Sukumar's underlying complaint against Zand contained falsehoods and perjury.  We reject Zand's arguments and affirm.

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

# I. BACKGROUND

## A. *Sukumar's Complaint*

On June 15, 2020, Sukumar initiated the present action by filing a complaint against Zand, asserting several causes of action, including breach of contract, unjust enrichment, intentional and negligent misrepresentation, and unfair competition.[2]  In the complaint, Sukumar alleged that, in early 2019, he purchased and installed solar panel systems to generate electricity at properties in which he has an ownership interest.  Sukumar "became concerned about electromagnetic emissions (including radiation) and interference (collectively, 'EMI') generated by such systems, and its potentially adverse impacts on human health and well-being."

Sukumar believed many other people share those concerns, and he decided to try to develop devices to mitigate EMIs.  "The goal of this work was to develop commercially marketable EMI mitigation and remediation devices which . . . could be used by [Sukumar], and could be sold to other solar system owners and users.  [Sukumar] was aware of other devices on the market which are intended for this purpose, but desired to invent, develop, and build a better, and more economical device."

The complaint states Sukumar retained Douglas Grimes to assist in performing EMI research and development.  Sukumar directed Grimes to find a consultant with appropriate experience and qualifications, so Sukumar could hire the consultant to assist with the EMI research.  Grimes contacted Zand based on a craigslist posting where Zand offered tutoring services in various fields.  Sukumar alleges that, following discussions between Grimes

---

[2] Sukumar later filed an amended complaint in January 2021, but the original complaint was the focus of Zand's cross-complaint and the anti-SLAPP proceedings in the trial court.

and Zand (during which Grimes allegedly told Zand that Sukumar was Grimes's client), Sukumar "verbally hired" Zand to assist Sukumar in developing and inventing the EMI devices.

Sukumar alleges that, between approximately September 28, 2019, and November 17, 2019, Zand requested payment, and Sukumar paid him $10,237.50 for engineering consulting services that Zand claimed he had performed. Sukumar asserts, however, that Zand did not provide timesheets describing his work and did not submit any work product. On or about December 2, 2019, Sukumar asked Zand to stop work on the project until a written agreement formalizing the arrangement between them could be prepared.

Although Sukumar provided draft agreements to Zand, no final written agreement was reached. Among other issues, the parties disputed who would own the work product developed from the research. In addition, Zand demanded further payments from Sukumar totaling $62,600, including $9,975 for work performed between November 18, 2019, and December 1, 2019; $37,625 for work performed between December 2, 2019, and January 24, 2020; and $15,000 to assign Zand's ownership rights in the project work to Sukumar.

Based on these alleged facts, Sukumar claimed Zand breached the oral contract between them by failing to perform or document any compensable work and by claiming ownership of the work product. Sukumar also alleged Zand made false representations about his qualifications that induced Sukumar to hire him. Sukumar sought compensatory and punitive damages and injunctive and declaratory relief.

## B. *Zand's Cross-Complaint*

Zand filed a cross-complaint on August 3, 2020, and a first amended cross-complaint (FACC) on August 14, 2020. The FACC alleges Sukumar

3

and his attorneys filed a false, malicious complaint against Zand (i.e., the complaint in the present case). The FACC also alleges Sukumar and his attorneys "obstruct[ed] justice" by "derail[ing]" Zand's earlier-filed small claims court action against Holistic Vegetarian House (HVH), a company owned by Sukumar. One of Zand's principal assertions in the FACC is that he contracted with HVH (and initially did not know about Sukumar or his involvement), so the statements in Sukumar's complaint describing the contract as having been between himself and Zand were false.

Based on this alleged conduct by Sukumar and his attorneys, the FACC asserts ten "causes of action"—for malicious prosecution, false claim, obstruction of justice, fraud, perjury, libel and slander, intentional misrepresentation, "affirmative relief (post-filing period)," declaratory relief, and punitive damages.

## C. *The Anti-SLAPP Motion*

On October 19, 2020, Sukumar filed a motion to strike Zand's FACC under the anti-SLAPP statute. After receiving briefing and hearing argument, the trial court granted the motion in an order filed on April 23, 2021. As to the first prong of the anti-SLAPP test (which we discuss below), the court ruled Sukumar had met his initial burden to show that the basis of the claims in Zand's cross-complaint was Sukumar's alleged misconduct in filing and prosecuting the present action.

On the second anti-SLAPP prong, the court agreed with Sukumar that Zand could not establish a probability he would prevail on his claims, because most of them were barred by the litigation privilege in Civil Code section 47, subdivision (b). As to Zand's claim for malicious prosecution (which the court noted "is usually excepted from the coverage of the litigation privilege"), the court found Zand could not establish a likelihood he would prevail on that claim either, because "he [did] not plead facts showing that he obtained a

4

favorable result in the small claims case or this case." Pursuant to section 425.16, subdivision (c)(1), the court awarded $5,500 in attorney fees and costs to Sukumar (reduced from the $9,949.50 Sukumar had requested, which the court found "excessive under the circumstances").

Zand appealed the court's order.

## II. DISCUSSION

### A. *Legal Standards*

The anti-SLAPP statute provides for the filing of a "special motion to strike" a cause of action that allegedly arises from protected communicative activities, if the cause of action lacks minimal merit. (§ 425.16, subd. (b)(1); *Young v. Midland Funding LLC* (2023) 91 Cal.App.5th 63, 78.) Specifically, section 425.16, subdivision (b)(1), the key provision of the anti-SLAPP statute, provides: "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."

Section 425.16, subdivision (b)(1) does not "insulate defendants from *any* liability for claims arising from the protected rights of petition or speech." (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 384.) Instead, the statute "only provides a procedure for weeding out, at an early stage, *meritless* claims arising from protected activity." (*Ibid.*)

" 'Courts analyze anti-SLAPP motions using a familiar two-step analysis.' " (*Young v. Midland Funding LLC, supra,* 91 Cal.App.5th at p. 78.) " ' "First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one 'arising from' protected activity. [Citation.] If the court finds such a showing has been made, it then

5

must consider whether the plaintiff has demonstrated a probability of prevailing on the claim." ' " (*Barry v. State Bar of California* (2017) 2 Cal.5th 318, 321.) " 'Only a cause of action that satisfies *both* prongs of the anti-SLAPP statute—i.e., that arises from protected speech or petitioning *and* lacks even minimal merit—is a SLAPP, subject to being stricken under the statute.' " (*Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 820.)

We review de novo a trial court's ruling on an anti-SLAPP motion. (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 325 (*Flatley*).)

## B. *Protected Activity*

The trial court correctly concluded Sukumar met his initial burden to show the causes of action in Zand's cross-complaint are based on protected petitioning activity. As noted, the cross-complaint seeks relief based on Sukumar's filing and prosecution of his complaint in this action. Zand alleges in the cross-complaint that (1) the party he contracted with was HVH, and therefore (2) Sukumar's complaint, which alleges Sukumar was the contracting party, is "false," "malicious," and constitutes "perjury" and "fraud." Zand claims injury from the "false claim," including that it diverted him from productive work and exercise.

A statement or writing made during judicial proceedings, including a complaint for relief, is conduct covered by the anti-SLAPP statute. Section 425.16, subdivision (e) defines the scope of activity protected by the statute to include "any written or oral statement or writing made before a . . . judicial proceeding" (§ 425.16, subd. (e)(1)), as well as "any written or oral statement or writing made in connection with an issue under consideration or review by a . . . judicial body" (*id.*, subd. (e)(2)). The claims asserted by Sukumar in his complaint fall within the statute, as a claim for relief filed in court "indisputably is a 'statement or writing made before

6

a . . . judicial proceeding' (§ 425.16, subd. (e)(1))." (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 90.)

Sukumar suggests Zand's cross-complaint is also based in part on other litigation conduct by Sukumar, such as the filing of a motion to consolidate the prior small claims action with the present case. Such conduct is also protected by the statute, either as a "statement or writing made before a . . . judicial proceeding" (§ 425.16, subd. (e)(1)) or as a "statement or writing made in connection with an issue under consideration or review by a . . . judicial body" (*id.*, subd. (e)(2)).

Zand contends the anti-SLAPP statute does not apply because Sukumar engaged in illegal conduct, specifically the presentation of false and perjurious claims to the court. To support his assertion that Sukumar presented false claims in the present case (superior court case no. RG20064932), Zand relies on an order (entitled "order re: judgment") that was entered on September 16, 2020 in the small claims action that Zand filed against HVH (superior court case no. RS20062830).[3]

In the September 16, 2020 order in the small claims case, the court (Hon. Karin Schwartz) ruled Zand was entitled to recover payment from HVH for work Zand performed on or before December 2, 2019. The court also rejected HVH's argument that Sukumar was the contracting party. The

[3] Zand requests that we take judicial notice of the small claims judgment and an earlier ruling in that case. In response, Sukumar asks that we take judicial notice of two other documents filed in the small claims matter: (1) HVH's notice appealing the small claims judgment to the superior court, and (2) a June 16, 2021 minute order reflecting that, on appeal, the superior court found Sukumar was an indispensable party to that case and dismissed the matter without prejudice on that ground. We grant these requests for the purpose of providing background for the arguments raised by the parties in the present appeal. We address Zand's other requests for judicial notice in part II.D, *post*.

7

court stated in part: "[HVH] contends that the proper contracting party was Mr. Sukumar, but uncontroverted evidence establishes that [Zand] was not aware of Mr. Sukumar's name or existence until 11/3/2019, more than a month after the contract was formed." As noted, HVH appealed the small claims judgment, and in June 2021, the superior court in the small claims appeal (Hon. Victoria Kolakowski) dismissed that case without prejudice on the ground Sukumar was an indispensable party.

Relying on the September 2020 order in the small claims action, Zand asserts that certain statements by Sukumar in the present action (e.g., Sukumar's allegations that *he* retained and paid Zand and was injured by Zand's breach) are inconsistent with the small claims court's findings and therefore are false and perjurious. We reject this argument.

The Supreme Court has emphasized that "conduct must be illegal *as a matter of law* to defeat a defendant's showing of protected activity. The defendant must concede the point, or the evidence conclusively demonstrate it, for a claim of illegality to defeat an anti-SLAPP motion at the first step." (*City of Montebello v. Vasquez* (2016) 1 Cal.5th 409, 424; *Flatley, supra*, 39 Cal.4th at p. 330 [attorney's letter and phone calls constituted criminal extortion as a matter of law].) Sukumar does not concede that he engaged in illegal activity, and the evidence does not establish that he did. Instead, the only conduct at issue here—Sukumar's filing and prosecution of the present action—was not illegal, and it was not rendered illegal by anything that occurred in the small claims case.

Even putting aside the fact that the small claims action was later dismissed, Zand has cited no authority for the proposition that it is illegal for a litigant to make claims or factual allegations that are arguably inconsistent with findings made by a court in a related action. In some circumstances,

8

there may be a defense based on principles of claim or issue preclusion, but that does not mean it is "perjury" (which, among other things, requires that a person "willfully . . . state[] as true any material matter which he or she knows to be false" (Pen. Code, § 118, subd. (a)))[4] or otherwise "illegal as a matter of law" (as Zand contends) for a litigant to present the claim.

## C. *Probability of Success*

As to the second prong of the anti-SLAPP analysis, the trial court correctly concluded Zand did not show a probability of prevailing on the claims in his FACC. First, as the court found, most of Zand's claims (all but his claim for malicious prosecution) are barred by the litigation privilege.

The litigation privilege in Civil Code section 47 applies to "any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." (*Silberg v. Anderson* (1990) 50 Cal.3d 205, 212.) The litigation privilege is " 'an "absolute" privilege, and it bars all tort causes of action except a claim of malicious prosecution.' " (*Flatley*, *supra*, 39 Cal.4th at p. 322.) The privilege is "relevant to the second step in the anti-SLAPP

---

[4] Penal Code section 118, subdivision (a) states in part: "Every person who, having taken an oath that he or she will testify, declare, depose, or certify truly before any competent tribunal, officer, or person, in any of the cases in which the oath may by law of the State of California be administered, willfully and contrary to the oath, states as true any material matter which he or she knows to be false, and every person who testifies, declares, deposes, or certifies under penalty of perjury in any of the cases in which the testimony, declarations, depositions, or certification is permitted by law of the State of California under penalty of perjury and willfully states as true any material matter which he or she knows to be false, is guilty of perjury."

analysis in that it may present a substantive defense a plaintiff must overcome to demonstrate a probability of prevailing." (*Id.* at p. 323.)

Here, Zand cannot prevail on his claims. The statements by Sukumar and his attorneys that Zand contends were improper—principally the allegations in Sukumar's complaint itself—are communications made in a judicial proceeding that are protected by the litigation privilege. (*Action Apartment Assn., Inc. v. City of Santa Monica* (2007) 41 Cal.4th 1232, 1249 (*Action Apartment*) ["We contemplate no communication that is more clearly protected by the litigation privilege than the filing of a legal action."].) Zand's claims based on this conduct are barred.

Zand contends the litigation privilege does not bar his claims because the privilege does not apply to the crime of perjury. But the case on which Zand relies—*Action Apartment, supra,* 41 Cal.4th 1232—does not support his argument. In *Action Apartment*, the Supreme Court noted it had previously established that the litigation privilege does not bar prosecutions for perjury, subornation of perjury, and certain other offenses established by state statute. (*Id.* at p. 1246.) The court stated: "The crimes of perjury and subornation of perjury would be almost without meaning if statements made during the course of litigation were protected from prosecution for perjury by the litigation privilege." (*Ibid.*, fns. omitted.)

Here, of course, Zand is a civil litigant, and his cross-complaint against Sukumar is not a prosecution by government authorities seeking to enforce state criminal or administrative statutes that are more specific than, and therefore prevail over, the litigation privilege. (See *Action Apartment, supra,* 41 Cal.4th at pp. 1246–1247 [describing the basis for prior holdings that prosecutions for perjury and certain other crimes are not barred by the litigation privilege].) And, as discussed above, Sukumar's presentation of

10

claims and factual allegations that Zand believes are inconsistent with the findings made in the small claims case does not establish Sukumar's statements are false or amount to perjury. Zand has not shown his claims fall within any exception to the litigation privilege.

Finally, as to Zand's claim for malicious prosecution, the trial court noted the litigation privilege does not bar such a claim where the necessary elements are present. The Supreme Court has explained that " '[t]he policy of encouraging free access to the courts that underlies the absolute [litigation] privilege . . . is outweighed by the policy of affording redress for individual wrongs when the requirements of favorable termination, lack of probable cause, and malice are satisfied.' " (*Action Apartment*, *supra*, 41 Cal.4th at p. 1242.)

The trial court correctly held, however, that, at least as to the element of favorable termination, Zand has not shown a probability of prevailing. The court noted Zand "cannot establish a likelihood that he will prevail on [the] claim [for malicious prosecution] because he does not plead facts showing that he obtained a favorable result in the small claims case or this case." Zand's FACC alleges Sukumar's complaint against him in the present superior court action constitutes malicious prosecution, but Zand does not allege in the FACC and does not contend on appeal that the present action has terminated favorably to him.

Zand asserts he did obtain a favorable result in the small claims action, i.e., the September 16, 2020 order finding in his favor on his claim against HVH. But as noted, the small claims action was later dismissed by the superior court. In any event, the September 2020 order does not support Zand's claim that Sukumar engaged in malicious prosecution. The small claims case was prosecuted *by Zand* against HVH, and Sukumar was not a

11

party. Even if Sukumar, rather than HVH, had been the defendant in the small claims action, "courts have long 'refused to recognize a tort of malicious defense.' " (*Coleman v. Gulf Ins. Group* (1986) 41 Cal.3d 782, 794, fn. 9.) Zand has not shown a probability of prevailing on his malicious prosecution claim.

We have considered the remaining arguments in Zand's appellate briefs and find no basis for reversal.

### D. *Zand's Motions*

Concurrently with the filing of his opening appellate brief on September 25, 2023, Zand filed a "Motion for Judicial Notice" and a two-pronged motion: (1) "Motion to Determine, in View of Judicially-Shown Perjurious Complaint, if Respondent Has Established Standing," and (2) "Motion to Vacate Order Under Appeal Due to Said Perjuries in Special Motion to Strike." We entered an order stating we would defer ruling on both sets of motions until the merits of the appeal were addressed. We authorized Sukumar to file any response or opposition concurrently with his respondent's brief, which he did on November 20, 2023.[5]

We now deny in part and grant in part Zand's motion for judicial notice, and we deny his other motions. As to judicial notice, Zand asks that we take notice of (1) an unpublished 2013 opinion from the Fourth District Court of Appeal that is unrelated to the present case, (2) specified documents from the small claims court case that Zand filed against HVH, and (3) the record from

---

[5] In our September 26, 2023 order, we also stated that no further briefing by Zand on the motions was permitted without permission of the court. Zand nevertheless filed on January 22, 2024 a "Reminder re Motion from September Remaining to be Adjudicated," in which he urged this court to resolve one of his motions and asserted incorrectly that Sukumar's response to the motion was filed late. Zand's "Reminder" was filed in violation of this court's September 26, 2023 order and is therefore stricken.

a prior appeal in this court (No. A164804) that arises from the same trial court proceedings as the present appeal.

Sukumar opposes the first request, and we agree there is no basis to take notice of the unpublished appellate opinion submitted by Zand, which is irrelevant to the issues raised in this appeal and does not fall within any exception to the rule governing citation of unpublished opinions. (Cal. Rules of Court, rule 8.1115.) As to the small claims court documents, we have granted (in fn. 3, *ante*) Zand's request for notice of two documents and Sukumar's responsive request for notice of two others. Finally, as to the record in appeal No. A164804, Sukumar does not respond to this portion of Zand's judicial notice request, but we have not found it necessary to look beyond the record in the present appeal (which Zand states "contain[s] the exact same records"). We therefore deny this request to the extent it may encompass documents outside the record of this appeal.

Turning to Zand's other motions, we deny his "Motion to Determine, in View of Judicially-Shown Perjurious Complaint, if Respondent Has Established Standing." As discussed above, the small claims court ruling on which Zand relies does not establish Sukumar has committed perjury. More broadly, Zand has shown no basis for this court to take the unusual step of taking evidence and making findings about whether Sukumar has standing (a potential defense by Zand to Sukumar's complaint), a question that is unrelated to the merits of the present appeal of the trial court's order striking Zand's cross-complaint under the anti-SLAPP statute. (*In re Zeth S.* (2003) 31 Cal.4th 396, 405 [authority under § 909 to make factual findings on appeal " 'should be exercised sparingly' "; " '[a]*bsent exceptional circumstances, no such findings should be made*' "].)

13

We also deny Zand's "Motion to Vacate Order Under Appeal Due to Said Perjuries in Special Motion to Strike." Zand has not shown perjury, nor has he established any basis to "vacate" the order he is challenging in the present appeal.[6]

## E. *Attorney Fees*

Section 425.16, subdivision (c)(1) states that, subject to exceptions not relevant here, a defendant prevailing on a motion to strike under the anti-SLAPP statute "shall be entitled to recover that defendant's attorney's fees and costs." As noted, the trial court awarded $5,500 in attorney fees and costs to Sukumar. Sukumar has filed a motion asking this court to direct that he also be awarded attorney fees incurred on appeal, with the amount to be determined by the trial court on remand. Zand filed an opposition.

Sukumar's motion is granted. An award of attorney fees, which must include fees incurred on appeal, is mandatory under the anti-SLAPP statute. (*Trapp v. Naiman* (2013) 218 Cal.App.4th 113, 122.) Zand's wide-ranging arguments to the contrary provide no basis to disregard this rule. The amount of appellate attorney fees shall be determined by the trial court on remand. (*Area 51 Productions, Inc. v. City of Alameda* (2018) 20 Cal.App.5th 581, 605.)[7]

---

[6] In connection with his opening appellate brief and the accompanying motions, Zand submitted two volumes of exhibits and a supporting declaration. We disregard these filings to the extent they include materials that are not part of the appellate record or the subject of a granted request for judicial notice.

[7] In addition to the motions we have discussed in the text, Sukumar filed a "Notice of Errata" to correct certain record citations in his respondent's brief. The notice was followed by an objection from Zand, a reply from Sukumar, and a further opposition by Zand. To the extent these filings suggest further or revised briefing should occur, those requests are denied.

## III. DISPOSITION

The order granting Sukumar's motion to strike Zand's FACC under the anti-SLAPP statute is affirmed. Pursuant to section 425.16, subdivision (c)(1), Sukumar's request for attorney fees incurred on appeal is granted, with the amount to be determined by the trial court on remand. Sukumar shall recover his costs on appeal.

STREETER, J.

WE CONCUR:

BROWN, P. J.
GOLDMAN, J.

---

Finally, in response to this court's "Notice of Oral Argument Election" directing the parties to notify the court if they are aware of a reason why any of the justices in this division should not participate in the proceeding, Zand filed a document suggesting one justice should be recused. The suggestion is without merit and the recusal request is denied.